[No. 8188.]

## GENERAL FILM COMPANY v. McAFEE, SHERIFF.

SHERIFF—*Process Where He is a Party Must be Served by Coroner.* Rev. Stat. Sec. 1298 is mandatory. Where the sheriff is party to an action all process therein must be served by the coroner. A special panel of jurors summoned by the sheriff in such case, must be discharged on motion.

*Error to Weld County Court.*—Hon. HERBERT M. BAKER, Judge.

Messrs. DANA & BLOUNT, Messrs. MANN & MANN, for plaintiff in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

On May 10, 1912, the General Film Company brought suit in a Justice's Court of Weld County against S. J. McAfee, as Sheriff, and recovered judgment for possession of certain personal property, which the latter

held in his custody under a levy of an execution there-tofore issued to him upon a judgment entered in a court of record in an action between other parties.

The defendants appealed the case to the County Court. Plaintiff moved in that court to dismiss a special panel of jurors which had been theretofore summoned by the defendant, as Sheriff, to try the cause, and also moved that a special venire issue, directed to the Coroner of the county to summon jurors, upon the ground, among others, that the Sheriff was a party to the action. This motion was overruled, whereupon plaintiff declined to appear further. Defendant moved for judgment, which, after evidence as to the value of the property, was rendered in his favor. Plaintiff brings that judgment here for review.

Whether it was error for the court to refuse to dismiss the panel of jurors which the defendant, as Sheriff, had summoned, and direct a special venire to the Coroner, pursuant to the motion of the plaintiff, is the sole question to be determined. Section 1298, R. S. 1908, reads as follows:

"Every coroner shall serve and execute process of every kind and perform all other duties of the sheriff when the sheriff shall be a party to the case,   *   *   * and in all such cases he shall exercise the powers and proceed in the same manner as prescribed for the sheriff, in the performance of similar duties."

The Sheriff was the defendant in the action. The statute provides, in clear terms, that in such case the Coroner shall execute process of every kind and perform all other duties of the Sheriff. The statute is manda-tory, and when the court's attention was directed to the fact that the Sheriff was the defendant, it should have dismissed the special venire and issued a new one, di-

rected to the Coroner to summon a jury to try the case, as by statute expressly provided.

The judgment is reversed and the cause remanded, with directions to try the question of title to the property in dispute according to law, and in conformity with the views herein expressed.

*Reversed and remanded.*

Decision *en banc.*