Glebe v. State.

LOUIS GLEBE v. STATE OF NEBRASKA.

FILED JUNE 6, 1921.   No. 21883.

1. Criminal Law: "THIRD TERM" OF COURT. The words "the third term" in section 9022, Rev. St. 1913, quoted at length in the opinion, refer to regular terms as distinguished from special terms or sessions of the court.

2. ———: CONSENT TO CONTINUANCE. When a defendant actively consented to a continuance of his case over a certain term, such consent is equivalent to a delay on his application within the meaning of said section 9022, Rev. St. 1913, and constitutes a waiver of his right to count such term as one at which he should be tried.

ERROR to the district court for Webster county: WILLIAM A. DILWORTH, JUDGE. Affirmed.

Bernard McNeny, for plaintiff in error.

Clarence A. Davis, Attorney General, and C. L. Dort, contra.

DAY, J.

The defendant, who is plaintiff in error herein, was convicted of the offense of having unlawfully in his possession intoxicating liquor and was adjudged to pay a fine of $100 and costs. He prosecutes error to this court.

The only question presented by the record is whether

the court erred in overruling the defendant's two motions that he be discharged.

The record shows that a transcript on appeal from conviction of defendant for this same offense was filed in the district court for Webster county August 26, 1919, the defendant being out on bail. The record is not entirely clear as to the character of the terms of court held in Webster county during the time in question, but, giving the defendant the benefit of all cases of doubt, they were as follows:

Regular—September 29, 1919.

Regular—October 27, 1919.

Special—February 11, 1920.

Regular—April 5, 1920.

Special—May 20, 1920.

Regular—May 24, 1920.

Regular—October 20, 1920.

At the April, 1920, term, and also at the October, 1920, term, the defendant filed motions that he be discharged for the reason that he was not brought to trial before the end of the third term of court held after the filing of the transcript. Both motions were overruled. These rulings constitute the basis of the error to this court. The correctness of the rulings of the trial court depends upon the proper construction of section 9022, Rev. St. 1913, reading as follows:

"If any person indicted for any offense, who has given bail for his appearance, shall not be brought to trial before the end of the third term of court in which the cause is pending, held after such indictment is found, he shall be entitled to be discharged, so far as relates to such offense, unless the delay happen on his application, or is occasioned by the want of time to try such cause at such third term."

The question is: What is the meaning of the expression "term of court?" If these words are applicable to every term, sitting or session of the court, whether reg-

ular or special, then the overruling of the motions was error; otherwise, if they refer only to "regular" terms.

Regular terms are those terms beginning· at certain dates fixed by law, or by the judge in conformity with authority of law, as distinguished from special terms which the judge may call at some other time in his discretion.   In this state the district judge on January 1 is required to fix the regular terms of court for the ensuing year (Rev. St. 1913, sec. 1162); the terms so appointed have the same validity and efficacy as if definitely fixed by statute.

We are clearly of opinion that section 9022, Rev. St. 1913, when considered with other enactments upon the subject, should be considered as applying to regular terms only.   The words must be given their ordinary meaning, and it seems that only regular terms are ordinarily understood by the expressions "May Term," "October Term," etc.   A session of the court held at other times than those fixed by law would ordinarily be designated as a special term, as in fact they are by section 1163, Rev. St. 1913.   Furthermore, it is more reasonable to conclude that by the words in question the legislature had in mind those particular terms required to be fixed at the beginning of the year rather than an indefinite number of special sessions, which might result in a wide disparity of time between the filing of the information and the trial, in different localities, resulting in great confusion, ·and possible prejudice to the rights of the defendant or the state.   For example, a defendant is recognized at the February term to appear for trial on the first day of the next term of court, which, as then fixed, was in October. Is it possible that the bond could be forfeited for nonappearance of defendant at a special term thereafter called in May?   Or, if three special terms were called in May, July, and September, could defendant be heard to say that he was entitled to be discharged in October?   Again, at the adjournment of a term all matters not otherwise disposed of are continued automatically by statute or by

order of court to the next term. Would the calling of a special term (perhaps for a two-hour session as appears in this record) reopen the entire docket? These illustrations will suffice to show the ordinary meaning of the words used. The *accident* of a special term should not alter such ordinary signification. We are not without authority for our conclusion.

In *Stripland v. State,* 115 Ga. 578, it was held in a similar statute the words, "or at the next succeeding term thereafter," **mean** the next regular term. See, also, *Commonwealth v. Lovett,* 2 Va. Cas. 74.

The case of *Critser v. State,* 87 Neb. 727, relied upon by defendant, is not in point, as the only terms in question were regular terms, so far as appears. At any rate the question now raised was not discussed.

The situation then is as follows: At the September, 1919, term the case was continued by consent of the parties. Whatever might be the ruling in a case of mere failure of defendant to object, an active participation in the act of continuing the case by positive consent thereto must be considered as equivalent to a continuance upon his application, and such term should not be counted. *Healy v. People,* 177 Ill. 306. It could hardly be claimed if defendant consented to a continuance over the third term that he would be heard to demand his discharge at the next term. In such case he would be deemed to have waived his right. *State v. Dewey,* 73 Kan. 735. (The reversal of the case on rehearing, at page 739, did not disturb the holding as to the effect of defendant's consent to a continuance.)

While the record is not entirely clear when the information was filed, yet we think it is fairly inferable that it was filed at the September, 1919, term, and, if so, that term should not be considered in the calculation. *Whitner v. State,* 46 Neb. 144. The case was continued over the April, 1920, term at the request of defendant. There remains only three regular terms, at the last of which defendant was tried.

In view of our construction of section 9022, Rev. St. 1913, it will not be necessary to refer to other questions discussed in the brief. It seems proper, however, to suggest that all presumptions are in favor of the correctness of the rulings of the trial court and defendant is required to show error affirmatively, and, there being no evidence in the record tending to show that there was time to try the defendant at any time prior to October, 1920, the presumption must prevail that the court acted without error. *Korth v. State*, 46 Neb. 631. We conclude that defendant was not entitled to be discharged upon either motion.

No error appearing in the record, the judgment of the district court is

AFFIRMED.