No. 10,275.

KELLIHER *v.* THE PEOPLE.

Decided March 6, 1922.

Plaintiff in error was convicted of a criminal charge relating to intoxicating liquors.

*Reversed.*

1. Words and Phrases—"*Suit.*" The word "suit" held to mean a criminal prosecution as well as a civil proceeding.

2. Statutory Construction—*Service of Process—Sheriff Disqualified.* Section 1299, R. S. 1908, relating to disqualification of the sheriff and performance of his duties by the coroner, held to apply to criminal as well as civil proceedings.

*Error to the County Court of Otero County, Hon. E. C.
Glenn, Judge.*

Mr. JOHN A. MARTIN, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R.
CONLEE, assistant, Mr. SAMUEL CHUTKOW, assistant, for
the people.

· MR. JUSTICE ALLEN delivered the opinion of the court.

THE plaintiff was informed against, tried and convicted
in the county court on a criminal charge relating to intoxi-
cating liquors.  Prior to the trial, and before a jury was
summoned, he filed an affidavit to disqualify the sheriff
from acting in the case, and also moved to the same effect.
The motion was overruled.  The question raised by the
motion was subsequently raised in other ways.  There is
but one question presented, and that is, whether the statute
relied on by the accused is applicable in criminal cases.

The affidavit was filed in reliance upon that statute,
which is section 1299 R. S. 1908.  That section, so far as
material, reads as follows:

"Whenever any party  *  *  *  shall make and file with
the clerk of the proper court an affidavit stating that he
believes that the sheriff of such county will not by reason
of either partiality, prejudice, consanguinity or interest,
faithfully perform his duties in any suit commenced
*  *  *  in said court, the clerk shall direct the original or
other process in such suit to the coroner, who shall execute
the same in like manner as the sheriff might or ought to
have done."

This statute has been held mandatory. *Litch v. People*,
19 Colo. App. 433, 75 Pac. 1083.  It is not disputed that the
affidavit involved in the instant case was sufficient, if the
statute is applicable.  The theory of the trial court ap-
parently was, and the contention of the Attorney General
now is, that a defendant in a criminal action cannot avail
himself of the provisions of this statute; in other words,
that the statute has no application in criminal cases.  The

theory and the contention thus stated is based entirely on the fact that the statute uses the term "suit." It is argued that the word in question does not, and was not intended to, comprehend a criminal proceeding.

In *Commonwealth v. Moore,* 143 Mass. 136, 9 N. E. 25, 58 Am. Rep. 128, the court said:

"The word 'suit' has, in practice, been considered as meaning criminal prosecutions, as well as civil proceedings."

This expression was made in connection with a reference to a statute relating to juries, and particularly to a section thereof providing that upon motion of either party in a "suit", the court is required to examine the person called as juror with reference to his interest, prejudice, etc.

The statute involved in the instant case is a section of an act entitled "An Act Relating to Counties and County Officers," as found in the General Laws of 1861, p. 84. The act includes provisions relating to the duties of sheriffs and coroners, irrespective of whether such duties pertain to criminal or to civil cases. Construing the section now being considered, section 1299 R. S. 1908, in connection with the entire act and its purview, there appears no legislative intent, in that section, to refer only to duties in civil actions and not in criminal proceedings. In the section immediately preceding (section 1298 R. S. 1908), the legislature used the term "the case," and appeared to refer to the "affidavit * * * filed as provided in the succeeding section," in the case, or any case.

In *Saunders v. People,* 63 Colo. 241, 165 Pac. 781, section 3702 R. S. 1908, which provides for the taxation of a jury fee "as part of the costs of suit in each cause tried by a jury," was held to be applicable in criminal cases. It will be observed that the statute there used the term "suit" and "cause."

The statute involved in the instant case is not one relating exclusively to either criminal or civil procedure, but is one simply relating to duties of the sheriff and coroner, and the legislative intent was to substitute the coroner for the

sheriff in *any* case, not merely in a civil action, where the affidavit is filed.

In our opinion, the statute is applicable to criminal actions. It is conceded, in effect, that reversible error was committed if the statute is applicable. The judgment is reversed and the cause remanded for further proceedings in harmony with the conclusion above announced.

·MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BAILEY concur.