CHARLES E. ABBOTT V. STATE OF NEBRASKA.

FILED JULY 2, 1928. No. 25809.

*King & Bracken* and *Perry & Van Pelt,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *J. L. McPheeley, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY and HOWELL, JJ., and BEGLEY, District Judge.

BEGLEY, District Judge.

On July 1, 1924, Charles E. Abbott was tried, convicted and fined on a charge of assault and battery, alleged to have been committed in Kearney county, May 19, 1923. He immediately executed an appeal bond with sufficient sureties, conditioned that he would "personally appear be-

fore the district court in and for said Kearney county * * * on the first day of the next jury term thereof and from time to time and from term to term as may be ordered by the said court until the final determination of the aforesaid cause, * * * and not depart the court without leave." The first day of the next term of court, and the first day upon which the court held a session after said appeal was October 14, 1924. Presumably the defendant appeared on said date and thereafter, from time to time and from term to to term, as required by the terms of his bond, until seven terms had intervened. At the April, 1926, term he filed a motion for his discharge, based on section 10046, Comp. St. 1922, relating to the discharge of an accused not brought to trial before the end of the third term of the court in which the case is pending. Upon objection by the county attorney to an immediate hearing on the motion, same was continued, and on April 20, 1926, the county attorney moved to dismiss the appeal because the appeal bond was void, in that it did not conform to the requirements of section 9999, Comp. St. 1922, as amended by chapter 113, Laws 1923.

In 1922 the law required the giving of a bond conditioned for the appearance of the defendant on the first day of the next term, but in 1923, after the alleged commission of the assault and battery by the defendant, the law was amended, providing that the bond be conditioned for appearance forthwith, and without further notice, in the district court for such county, and from day to day thereafter until the final disposition of said appeal, to answer the complaint against him, and to abide the judgment of the district court, and not depart therefrom without leave. The trial court, on a hearing, sustained the motion of the county attorney to dismiss the appeal, and overruled the motion of the defendant to be discharged from further prosecution in the case. There was no timely objection to the jurisdiction of the court over the person of the defendant in the pending action against him. On the other hand, the state treated the case as one pending. In the prosecution of a

sodomy case pending against the defendant at the same time, the defendant filed a plea in bar, alleging that said crime charged was based on the same facts, circumstances and transactions as the assault and battery charge. The state in that case filed an answer in which it alleged that in said assault and battery case the defendant had given bond, caused transcript to be filed, an that said cause was now pending in the district court for Kearney county on said appeal.

This court held in the case of *Killian v. State,* 114 Neb. 4, that, where an objection was timely made, an appeal bond which failed to require the defendant to appear forthwith before the district court, but instead directed him to appear on the first day of the term, was not a substantial compliance with the statute and failed to confer jurisdiction on the appellate court. It is contended by plaintiff in error that the bond in this case, as shown by the circumstances, is a substantial compliance with the terms of the statute. The true purpose of the recognizance is the protection of the public. *Whetstone v. State,* 109 Neb. 655. It is not absolutely necessary that the word "forthwith" be used in the bond, if under the wording used the defendant is compelled and required to appear at the same time as though the word had been so used. The word "forthwith" is defined as follows in 2 Bouvier, Law Dictionary (3d Revision) 1289: "As soon as by reasonable exertion, confined to the object, it may be accomplished." Here the first day that the trial court was in session, and the first day that the defendant could appear forthwith, was October 14, 1924, being the first day of the next term, and the day on which he did appear. Consequently the day named in his bond was the same as "forthwith" as far as facts in this case appear.

In *Holmes v. State,* 17 Neb. 73, where the recognizance required the defendant to appear before the district court on a certain day named, instead of the first day of the next term, but which day named was in fact the first day of the next term, this court held the recognizance sufficient to

confer jurisdiction on the district court, holding: "While the law requires the defendant to be required to appear and answer to the charge on the first day of the next ensuing term, yet we know of no law requiring the exact language of the statute to be followed in a recognizance. If he is required to appear upon a day which in fact is the first day of the term it is sufficient."

In view of the constitutional guaranty of the right of appeal in criminal cases, where the date in the recognizance on which defendant is required to appear before the district court is the first opportunity given defendant for such appearance, the state is not substantially prejudiced, trial on appeal is not delayed, and same is a substantial compliance with the statute.

The state in this case asserted a position in the sodomy case that a valid appeal was pending in this case and accepted the benefit of the appeal as though the recognizance had been within the statute, in order to sustain the bringing of the other action, and it thus seems to have placed the same construction on the bond as we have determined above.

Defendant contends that, as the crime was committed before the amendment of the statute, requiring his appearance forthwith before the district court, said amendment is *ex post facto* and does not apply to this case, and he has the right of appeal under the previous provision. This is not an amendment changing the punishment for the crime charged, nor does it alter the situation of the defendant to his disadvantage. It is merely a change of procedure in the right of appeal, and as such the appeal is governed by the provisions of the law applicable thereto at the time when the judgment was rendered. *Marion v. State,* 16 Neb. 349; 17 C. J. 25, sec. 3283.

For the foregoing reasons, the trial court erred in dismissing the appeal and overruling the motion of defendant for discharge. The judgment is therefore reversed and the cause remanded, with direction to the trial court to overrule the motion of the state for dismissal as to lack of

jurisdiction, and to sustain the motion of the defendant for a discharge from this case on the ground that more than three terms of court have intervened since the filing of the appeal.

REVERSED