SIDNEY A. TROBOUGH v. STATE OF NEBRASKA.

FILED NOVEMBER 21, 1930. No. 27469.

454

*F. L. Carrico,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Homer L. Kyle,. contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and DAY, JJ., and REDICK, District Judge.

REDICK, District Judge.

Upon an information charging defendant with murder in the first degree, he was convicted of murder in the second degree and sentenced to the penitentiary, and now presents his appeal from said judgment to this court. Defendant was convicted of having murdered his wife by shooting, in the dining room of their home, at a time when defendant, his wife and small baby and one Tooley, a lodger, were the only persons in the house. No extended statement of the facts is necessary for the proper understand-

ing of the questions presented. Reference to certain pertinent facts will be made in the discussion of some of the assignments. Defendant presents a number of assignments of error, only three of which we deem it necessary to consider.

The first assignment is that the court erred in overruling defendant's objections and challenge to the regular panel of jurymen. This involves the construction of sections 5013 and 5014, Comp. St. 1922, which are as follows:

Section 5014: "Whenever any party, his agent or attorney shall make and file with the clerk of the proper court an affidavit stating that he believes the sheriff of such county will not, by reason of either partiality, prejudice, consanguinity or interest, faithfully perform his duties in any suit commenced, or about to be commenced, in said court, the clerk shall direct the original or other process in such suit to the county clerk who shall execute the same in like manner as the sheriff might or ought to have done, and if like objections shall be made to the county clerk by either party, the court shall appoint some suitable person to whom such objection does not apply."

Section 5013: "Every county clerk shall serve and execute process of every kind, and perform all other duties of the sheriff, when the sheriff shall be a party to the case, or whenever affidavits shall be made and filed as provided in the next succeeding section; and in all such cases he shall exercise the same powers and proceed in the same manner as prescribed for the sheriff in the performance of similar duties."

On December 14, 1929, prior to the drawing of the jury panel for the January, 1930, term of court at which defendant was tried, an affidavit by his attorney was filed with the clerk of the district court, the material portion of which is as follows: "This affiant says that Raymond L. Crosson, sheriff of Adams county, Nebraska, is a witness for the state and was such witness at the former trial and was a witness on the motion for rehearing; that by reason of partiality and prejudice and interest in the result of this action this affiant believes said Crosson will

not faithfully perform his duties as such sheriff in drawing the jury panel and selecting, summoning and handling either the regular jury or any talesmen that may be required to be drawn or summoned," and ended with a request that the court order the duties usually performed by the sheriff to be done and performed by the county clerk. The filing of this affidavit was not brought to the attention of the court until a few days prior to the case being called for trial and decision of the point was not had until the case was called and the jury about to be impaneled when defendant filed objections to the regular panel of jurors upon the ground that the affidavit required by section 5014, Comp. St. 1922, had been filed,. and that the sheriff was thereby disqualified from drawing said jury and acting in said case, and requested the court to order a new panel for the trial of said case. The objections were overruled, to which defendant excepted, and the case proceeded to trial.

It appears from the record that, notwithstanding the filing of such affidavit, the clerk and the sheriff, as required by law, from a box containing the names of 60 persons selected by the board of county commissioners to act as jurors, drew 24 names of persons to constitute the regular panel for trial of cases at the January term. The writ for summoning these jurors was addressed to the sheriff by the clerk and the sheriff personally served the persons ·drawn as jurors. The original panel having been exhausted, the court ordered the sheriff and clerk to draw from the box 24 additional jurors, which was done, the sheriff personally serving such additional jurors. The contention of the defendant is that the filing of the affidavit operated of itself to disqualify the sheriff from drawing and serving jurors for the trial of the defendant, and that the jurors so called and served were incompetent for that purpose. The correctness of this proposition depends upon whether the statute above quoted is mandatory or directory; if the former, the objection is well taken, otherwise not.

The undoubted purpose of the above quoted sections was to provide for the service of process and the performance of other duties of the sheriff by some person free from bias or prejudice in the case concerned where, on account of such bias and prejudice the sheriff was disqualified to act. The section applies to both civil and criminal proceedings. *Kelliher v. People,* 71 Colo. 202.

There would seem to be no question from the terms of the enactment that no discretion is vested in any person or tribunal, but that the provisions are mandatory. Section 5014, Comp. St. 1922, recites that, when the affidavit required is filed with the clerk of the proper court, "the clerk shall direct the original or other process in such suit to the county clerk who shall execute the same in like manner as the sheriff might or ought to have done, and if like objections shall be made to the county clerk by either party, the court shall appoint some suitable person to whom such objection does not apply." And section 5013, Comp. St. 1922, requires the county clerk to perform the duties of the sheriff in such cases.

In the construction of the statutes, the word "shall" is ordinarily considered as mandatory (*Jefferson County Farm Bureau v. Sherman,* 208 Ia. 614), and is always so considered when the statute is addressed to public officials. *McDunn v. Roundy,* 191 Ia. 976. Our attention has been called to and our research has discovered but one other state having a statute substantially the same as the one under consideration, to wit, Colorado, which is as follows:

"Whenever any party * * * shall make and file with the clerk of the proper court an affidavit stating that he believes that the sheriff of such county will not by reason of either partiality, prejudice, consanguinity or interest, faithfully perform his duties in any suit commenced * * * in said court, the clerk shall direct the original or other process in such suit to the coroner, who shall execute the same in like manner as the sheriff might or ought to have done." Rev. St. Colo. 1908, sec. 1299. This statute was held to be mandatory and did not authorize the opposing party to file counter affidavits nor authorize the court to

exercise its discretion in granting or refusing such motion. *Litch v. People,* 19 Colo. App. 433. That was a civil case, but has been followed and approved by the supreme court of that state in both civil and criminal cases. See *General Film Co. v. McAffee,* 58 Colo. 344; *Kelliher v. People,* 71 Colo. 202; *Hoffman v. People,* 72 Colo. 552; *Daugherty v. People,* 78 Colo. 43. The precise question has not been before this court until now. In *Osborn v. Shotwell,* 33 Neb. 348, however, a statute providing that a case before a justice of the peace *shall* be transferred when either party files affidavit that he believes the justice prejudiced was held mandatory, the court saying: "It is not for him (the justice) to say whether or not he is biased, nor is it necessary to establish bias before a change can be ordered. All that is necessary is for the defendant, his agent or attorney, to make oath that the 'defendant cannot, as affiant verily believes, have a fair and impartial hearing in the case on account of the interest, bias, or prejudice of the justice.'" In *Hurford v. City of Omaha,* 4 Neb. 336, a provision that the grade of a street *shall* not be changed until damages paid was held mandatory; and in *State v. Buffalo County,* 6 Neb. 454, the word "may" was construed as mandatory where power is given to a public official and the public interests or individual rights call for its exercise.

The defendant cites *Policky v. State,* 113 Neb. 858. In that case the sections under consideration were quoted, but no affidavit had been filed prior to the drawing of the panel and the objections of the defendant were held in time because they were made to a special panel, the court saying: "It will be observed that, when a showing is made conforming to the provisions of the statute above referred to, it is then mandatory that the clerk direct the county clerk to perform the duties of the sheriff. In the case at bar, the defendant had no opportunity to make objections to the sheriff selecting and summoning the special panel until after he had done so." And the record in that case having shown that the sheriff was the prosecuting witness, and that a conviction of defendant would turn upon a question of veracity between the sheriff and

the defendant, it was held the objections to the special panel should have been sustained. The part of the opinion above quoted may be dictum, but states the law as we now declare it.

The state relies upon the case of *Noonan v. State*, 117 Neb. 520, in which it was held that where the sheriff is not the prosecuting witness or sole witness in a criminal case, and his testimony is merely corroborative, the fact that he is a witness does not disqualify him from performing the duties of his office; but in that case no affidavit had been filed as required by section 5014, Comp. St. 1922, and moreover, in the present case, the evidence of the sheriff was more than merely corroborative, though we do not place our decision upon that ground.

*McCandless v. Commonwealth*, 170 Ky. 301, also cited by the state, is not in point for the reason that no statute similar to ours existed in that state, but the only statute bearing upon the question was section 193 of the Criminal Code of Kentucky providing that the court may for sufficient cause designate some officer or person other than the sheriff to summon petit jurors, thus vesting the court with a discretion in the matter, while the statute under discussion states the conditions upon which the courts shall be required to act in a certain manner.

As above intimated, we are unable to discover any reason for holding the statute in question other than mandatory, neither have we been able to find any decision authorizing a contrary conclusion. It was therefore prejudicial error for the district court to overrule defendant's objections to the array, which was the proper method to raise the question. *People v. LeDoux*, 155 Cal. 535; *State v. Jordan*, 19 Idaho, 192. We must not be understood, however, as holding that the sheriff was disqualified from participating with the clerk in the drawing of the panel. Section 5014, Comp. St. 1922, merely disqualifies him from serving process and section 5013, Comp. St. 1922, was evidently not intended to enlarge the disqualifications provided in said section 5014, but merely to authorize the county clerk to act in the matters specified. And while

we think the sheriff would be disqualified from selecting and serving a special venire, there was no error in permitting him during the trial, in connection with the clerk of the court, to draw additional names from the box, as this involved no discretion of selection, but was a purely ministerial duty (*State v. Aspara*, 113 La. 940) with the performance of which the bias of the sheriff could have no logical relation.

While our conclusions upon the above question require a reversal of the judgment in view of the fact that another trial is likely to be had we deem it proper to discuss briefly two other assignments of error, and, first, the refusal to give instruction No. 6 requested by the defendant in the following language:

"You are instructed that evidence has been introduced and received in this case tending to show that some one else and not the defendant fired the shot from the effects of which the said Sarina Trobough afterwards died. In this connection you are instructed that the defendant is not bound to prove that another fired the shot from which effects the said Sarina Trobough died, but it is enough if from the consideration of all the evidence there is a reasonable doubt in the minds of the jury whether or not another fired the shot, and if after a consideration of all the evidence there is a reasonable doubt in the minds of the jury as to who fired the shot that struck the said Sarina Trobough from which she afterwards died, then it is your duty to acquit the defendant and your verdict should be not guilty."

The theory of the defendant was that the shot which killed Mrs. Trobough was fired by the lodger Tooley but was intended for the defendant, and there was some evidence tending to prove that Tooley and the defendant had had some difficulty, and that Tooley had made threats against the defendant to a third party, and that it was possible for Tooley to have fired the shot through the space between the door jamb to which the hinges were attached and the door, which there was evidence tending to prove was partially open. We think under these circumstances

it was error for the court to refuse the instruction asked. The substancé of the instruction was not covered by those given by the court on its own motion, nor this theory of the defense presented to the jury in any way. The instructions of the court are not open to criticism so far as they go, but deal, with one exception, with the questions of the degree of the crime, the burden of proof, and definitions. The exception referred to is No. 13, which is the only one authorizing the jury to return a verdict of not guilty if the state has failed to prove beyond a reasonable doubt the material allegations of the information. The state answers this objection by saying, "this theory, as far as it affected the defendant, amounted to no more than that he was not guilty of the crime;" but the defendant had a right to have his theory of the case, when supported by some evidence, submitted to the jury for their consideration. *Pospisil v. Acton,* 118 Neb. 200; *Osborne v. State,* 115 Neb. 65; *Jackson v. Commonwealth,* 96 Va. 107; *State v. Brady,* 121 Ia. 561; *People v. Cummins,* 47 Mich. 334; *State v. Tough,* 12 N. Dak. 425.

The other assignment of error which we will notice is the refusal of the court to give instruction No. 10 requested by the defendant, as follows:

"You are instructed that in order to sustain a conviction for a felony on purely circumstantial evidence the circumstances pointing to the guilt of the accused must be of so conclusive a character as to exclude every other reasonable hypothesis. It is not sufficient that the circumstances when taken together create a probability, although a strong one, of the guilt of the accused, but if the facts can be accounted for or explained upon any other reasonable hypothesis than the guilt of the defendant, then your verdict should be not guilty."

In *Wakeley v. State,* 118 Neb. 346, it was held error to refuse a cautionary instruction on the subject of circumstantial evidence where the evidence is wholly circumstantial in its nature. In the present case there were no eyewitnesses as to who fired the fatal shot, but that fact had to be determined by the jury from all the circumstances

shown in the evidence surrounding the tragedy. It was clearly a case where the cautionary instruction should have been given as requested by the defendant.

For the errors above pointed out the judgment is reversed and the cause is remanded.

REVERSED.