ERICK LARSON V. STATE OF NEBRASKA.
JOHN SKIDMORE V. STATE OF NEBRASKA.
LEE LYCAN V. STATE OF NEBRASKA.

FILED MARCH 9, 1934. NOS. 29056, 29057, 29058.

T. F. *Nolan* and E. L. *Hyde*, for plaintiffs in error.

Paul F. *Good*, Attorney General, and George W. *Ayres*, contra.

Heard before GOOD, EBERLY and DAY, JJ., and CARTER and CHAPPELL, District Judges.

DAY, J.

These cases present the identical problem. The evidence is identical, and they were argued together.

The plaintiffs in error were convicted in the county court of Keith county of the unlawful sale of intoxicating liquor—a misdemeanor. They attempted to appeal to the district court, but their appeals were dismissed upon motions of the state for that the recognizances filed were not in conformity with provisions of section 29-611, Comp. St. 1929. From these dismissals, plaintiffs prosecute proceedings in error to this court.

The recognizances were identical except as to names, and the condition is: "The condition of this recognizance is such that if the said (defendant) shall personally appear forthwith and without further notice at the district court of said Keith county, state of Nebraska, on the first day of the next regular term thereof and from day to day thereafter until the final disposition of such appeal to answer the complaint against him, and to abide the judgment of the district court, and not depart therefrom without leave until the final determination of the aforesaid cause wherein the said (defendant) is charged with the

crime of sale of intoxicating liquor then this recognizance to be void, otherwise to remain in full force and effect." Section 29-611, Comp. St. 1929, provides that defendant's recognizance shall be "conditioned for his appearance, forthwith and without further notice, at the district court of such county, and from day to day thereafter until the final disposition of such appeal."

In the case of *Killian v. State*, 114 Neb. 4, this court said: "A recognizance, given to effect an appeal by a defendant who has been convicted of a misdemeanor in the county court, and which is conditioned for his appearance at the district court on the first day of the next term, instead of forthwith, as the statute requires, is invalid and confers no jurisdiction on the district court."

In the more recent case of *Murray v. State*, 121 Neb. 278, it is said: "A recognizance, given to effect an appeal by a defendant who has been convicted of a misdemeanor in the county court, and which is not conditioned as the statute requires, is invalid and confers no jurisdiction on the district court."

Recognizance given to perfect an appeal by defendant convicted of misdemeanor in county court, which is not conditioned that defendant appear before the district court forthwith and from day to day thereafter, confers no jurisdiction on district court.

Plaintiffs in error contend that the bonds given substantially comply with the statute. This court held in *Abbott v. State*, 117 Neb. 350, that a substantial compliance, as where the first day of the next term was the first day upon which the court sat, was sufficient.

This is not the situation here, since the court actually sat two days, and the term did not adjourn until the next term commenced. There is no question of substantial compliance here.

Recognizance which provides that defendant convicted in county court shall personally appear forthwith on the first day of the next regular term and from day to day thereafter, and where court sits during present term, is

not substantial compliance with statute regulating appeals, which provides that condition of bond shall require defendant to appear forthwith and from day to day thereafter.

The judgments of trial court conform to the law.

AFFIRMED.