STATE OF NEBRASKA, APPELLEE, v. RICHARD W. LEWIS, APPELLANT.

128 N. W. 2d 610

Filed May 22, 1964. No. 35678.

Fisher & Fisher, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

Defendant was charged with driving a motor vehicle upon the public highways of Sheridan County, Ne-

braska, on February 3, 1963, while under the influence of alcoholic liquor, contrary to the provisions of section 39-727, R. S. Supp., 1961. Defendant entered a plea of not guilty. Upon a trial in the district court, the jury returned a verdict of guilty. The court sentenced the defendant to serve 1 month in the county jail and to pay a fine of $100, and, in addition thereto, suspended the driver's license of defendant for a period of 6 months from the date of the completion of his jail sentence. Defendant has appealed.

The evidence shows that defendant on February 3, 1963, shortly after midnight, was driving his automobile east on Highway No. 2, about 20 miles east of Alliance, Nebraska, in Sheridan County, when he was arrested by state patrolman Robert D. Armour for driving while in an intoxicated condition. The patrolman testified that he met defendant on the highway and observed that defendant's car was crossing back and forth over the centerline of the highway. He turned his car around and followed defendant, and observed further that defendant's car was weaving about on the highway, whereupon he stopped defendant. He testified that defendant had the odor of intoxicating liquor on his breath, that his eyes were watery, his speech slurred, and that he staggered as he walked from his car to the patrol car. The patrolman testified also that defendant said he knew that he should not have been driving. Three empty beer cans were on the driver's side on the floor of the car. Defendant was taken to the county jail in Alliance, where the patrolman, in the presence of the sheriff of Box Butte County, administered three usual tests to determine if defendant was intoxicated. Defendant failed all three tests. The patrolman and the sheriff each testified that in their opinions the defendant was under the influence of intoxicating liquor.

Defendant testified that he went to Alliance from Ellsworth on Saturday night, February 2, 1963, where he had one drink of intoxicating liquor. He then visited

the home of a friend where he and others played cards until about 11:30 p.m., when he took his leave to return to the place of his employment near Ellsworth. He testified that no liquor was served at his friend's home and that he had but the one drink during the whole day. He denied that he was intoxicated or that he told the patrolman he should not have been driving his car. He admitted that he had beer in the car but denied that he drank any of it.

The issues of fact thus raised were for the jury. The verdict of the jury is sustained by the evidence. The contention of defendant that the evidence is insufficient to sustain a conviction is without merit. Sedlacek v. State, 166 Neb. 736, 90 N. W. 2d 340.

Defendant contends he was denied his constitutional right to a speedy trial. The record shows that defendant was complained against on February 4, 1963. He was tried in the county court on July 19, 1963. It is contended that such delay in the trial is violative of section 29-1203, R. R. S. 1943, which requires a discharge of an accused, who has given bail for his appearance, if he is not brought to trial before the end of the third term of the court in which the cause is pending, and of section 29-502, R. R. S. 1943, providing that an adjournment of any trial shall not be for a longer time than 20 days. It is true that the trial in county court was after more than three terms of the county court had passed and that such adjournment had been for more than a period of 20 days. The record shows, however, that such delays were agreed to by the county attorney and the attorney for the defendant. This is a waiver of the right to a speedy trial as required by applicable statutes. Svehla v. State, 168 Neb. 553, 96 N. W. 2d 649; Glebe v. State, 106 Neb. 251, 183 N. W. 295. The trial court did not err in refusing to discharge the defendant.

Defendant asserts as error the failure of the court to give defendant's request for a cautionary instruction on circumstantial evidence. It is the rule that if cir-

cumstantial evidence is relied on by the state in proving the charge against the defendant, it is error to refuse a cautionary instruction on that subject. Trobough v. State, 120 Neb. 453, 233 N. W. 452. The alleged circumstantial evidence in the instant case is the facts testified to by the patrolman and sheriff as a foundation for their opinions that defendant was intoxicated. The issue to be decided resolves itself into the question as to whether or not such evidence is circumstantial within the meaning of the applicable rule.

Circumstantial evidence is defined as the attendant facts and circumstances from which a principal fact may be inferred by the usual processes of reasoning. Where the existence of the attendant facts and circumstances is testified to by witnesses, the evidence of the principal fact is said to be direct or positive. Otherwise stated, direct evidence is proof of facts by witnesses who saw acts done or heard words spoken, while circumstantial evidence is proof of collateral facts and circumstances from which the mind infers the conclusion that the fact sought to be established in fact existed. Webb v. State, 140 Tenn. 205, 203 S. W. 955, 15 A. L. R. 1034; State v. Pigg, 312 Mo. 212, 278 S. W. 1030. The evidence of the patrolman and sheriff in the present case was direct or positive, and not circumstantial. State v. Varnon (Mo.), 174 S. W. 2d 146. There was no duty on the part of the trial court, therefore, to give a cautionary instruction on circumstantial evidence.

In United States v. Spaeth, 152 F. Supp. 216, the court disposed of a similar contention in the following manner: "The expert witnesses in this case did substantially no more than testify what physical fact their more practiced eyes observed. As a trained musician may more readily distinguish a minute differentiation of pitch, so the jury would have been warranted in believing that these experts were able to see subtle differences of intensity. Their testimony as to their ob-

servation was therefore not circumstantial, and its credibility and weight were for the jury."

Defendant assigns as error the refusal of the trial court upon request to give a cautionary instruction on opinions of witnesses. Testimony tending to prove that a person is under the influence of alcoholic liquor may come from a nonexpert witness and, after detailing the facts upon which his opinion is based, he may give his opinion as to whether or not such person is under the influence of intoxicating liquor. McCulley v. Anderson, 119 Neb. 105, 227 N. W. 321; Pierce v. State, 173 Neb. 319, 113 N. W. 2d 333. The defendant cites no authority to the effect that the trial court is required on request to give a cautionary instruction on opinion evidence. We have examined the tendered instruction and find that its contents are substantially covered by the general instruction on weight and credibility. Where a requested instruction is substantially covered by another instruction it is not error to refuse the request.

We have examined the remaining instructions, given and tendered, to which exception is taken. Defendant abandoned his assignments of error as to the instructions given by the court. The tendered instructions not discussed herein were adequately covered by instructions given by the court on his own motion.

Defendant asserts that the sentence was excessive. The penalty provided by section 39-727, R. S. Supp., 1961, for driving an automobile while under the influence of alcoholic liquor is that such person, for a first offense, shall be imprisoned in the county jail for not more than 3 months or pay a fine of $100, or both, and in addition thereto the court shall order a suspension of the operator's license of defendant for 6 months from the date of his discharge from the county jail or the date of payment of the fine, whichever is the later. The sentence imposed, although in excess of the minimum sentence which might have been imposed, is less than the maximum provided in the statute. It was the inten-

tion of the Legislature that the trial court should exercise its judgment in determining the punishment to be assessed, within the limits prescribed, for the particular violation, and as a deterent to others from driving automobiles on the public highways while intoxicated. The remedy or punishment imposed as a restraint for this evil requires a trial judge to assess a penalty, within the limits fixed by the statute,. to accomplish these purposes. We find nothing in this record to indicate that the trial judge abused his discretion in sentencing the defendant in order to accomplish the purposes of the act.

The record shows that defendant received a fair and impartial trial. The verdict of the jury is amply sustained by the evidence. The judgment of the district court is correct and it is affirmed.

AFFIRMED.