STATE OF NEBRASKA, APPELLEE. V. JERRY STEVENS,
APPELLANT.

203 N. W. 2d 499

Filed January 12, 1973. No. 38533.

Charles Ledwith and Claude D. Shokes, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

Defendant in Omaha municipal court was convicted of petit larceny and sentenced to imprisonment for 10 days. On appeal to district court a jury found him guilty, and the court sentenced him to imprisonment for 30 days. Defendant appeals. We are told that he was denied his statutory right to a speedy trial.

The progress of the case in district court was as follows:

May 27, 1971 — Bond approved for appeal to district court.

June 1, 1971 — Request filed by defendant for a jury trial.

July 21, 1971 — Stipulation by counsel to continuance of case to jury panel of August 9.

February 8, 1972 — Motion by defendant to dismiss for denial of speedy trial.

February 9, 1972 — Trial.

An accused who is not brought to trial within 6 months is on timely motion to be discharged. In computation of the 6-month period many time frames are excluded. See, §§ 29-1207, 29-1208, and 29-1209, R. S. Supp., 1972. The State impliedly concedes that the trial in district court occurred after expiration of the 6-month period. It contends, however, that the statute is not applicable to a prosecution on complaint.

Although statutory requirements for a speedy trial expressly refer only to indictments and informations, the references may encompass complaints. Abbott v. State, 117 Neb. 350, 220 N. W. 578 (1928) (by implication). See, also, Black's Law Dictionary, "Complaint," p. 356 (4th Ed., 1951). Inclusion of complaints has been our practice over the years, and nothing in the new statute suggests change. See, State v. Lewis, 177 Neb. 173, 128 N. W. 2d 610 (1964); Abbott v. State, *supra*; Glebe v. State, 106 Neb. 251, 183 N. W. 295 (1921).

The district court erred in overruling defendant's motion to dismiss. The judgment is reversed and the cause remanded with directions that defendant be discharged.

REVERSED AND REMANDED WITH DIRECTIONS.

SPENCER, J., dissenting.

I respectfully dissent. As the opinion states, the statute refers only to indictments and informations. I do not agree that the statute was intended to encompass complaints.