### 5320.   CARTER v. THE STATE.

An adjourned term of court is but a continuation and a part of the regular term. It is in no sense an original term, but is a mere prolongation of a regular session. It follows that one who has been allowed a demand for trial may be tried at an adjourned session of the next succeeding term after the demand has been placed upon the minutes of the court.

DECIDED JANUARY 20, 1914.

Indictment for embezzlement; from Gilmer superior court— Judge Patterson. December 8, 1913.

*N. A. Morris, G. D. Anderson, Francis B. Carter, B. L. Smith,* for plaintiff in error.

*Herbert Clay, solicitor-general, George F. Gober, William Butt,* contra.

POTTLE, J.  The plaintiff in error complains of the refusal to pass an order discharging him, and the only question involved in the assignment of error is whether or not an adjourned session of the second term of court after a demand for trial was entered on the minutes comes within the meaning of "the next succeeding term thereafter," as used in section 983 of the Penal Code. The judges of the superior courts have the right to adjourn any term of the court to a future day at discretion, and they may cause new jurors to be drawn or order the jurors for the regular term to give their attendance upon the adjourned term. Civil Code, § 4876. An adjourned term is in no sense a new term. It is but a continuation and a part of the regular term. The time lapsing between the adjournment and the reconvening of court is but a recess taken for the convenience of the public business. The adjourned term is but a regular term prolonged, and at an adjourned term the court has all the power, with reference to the trial and disposition of both civil and criminal cases, that it had when the court was first regularly convened. In a sense each succeeding day's session of the court is an adjourned term, because generally the court takes a recess each evening until the following morning. The fact that in one case the recess is for a few hours and in the other case the recess is for a few days or a few weeks makes no difference. In any event, when the court reconvenes it is a regular session of court which has been convened, and in no proper sense can the session be regarded as a special session distinct from the regular term. See 1 Words and Phrases, "Adjourned term," and the cases cited thereunder.

Counsel for the plaintiff in error relies upon certain language in the opinion in *Stripland* v. *State,* 115 *Ga.* 580 (41 S. E. 987), to the effect that the words "succeeding term," as used in section 983 of the Penal Code, mean "the regular term succeeding that at which the demand was made." Similar language by this court in *Nix* v. *State,* 5 *Ga. App.* 839 (63 S. E. 926), is also relied on. The point now under consideration was not involved in either of those cases. Unquestionably the succeeding term referred to in the statute is the next regular term as contradistinguished from either a special term or a session of court which is a continuation of the first term at which the demand was allowed. It is apparent that neither this court nor the Supreme Court intended to hold that a judge can not, after allowance of a demand for trial, adjourn the next succeeding term from time to time, to suit the convenience of the court and the public business, until the time at which the law requires the term to be closed, and put the demandant on trial at the next succeeding term, whether at the time it is first convened or at any time it might be reconvened after a recess. If the position of the counsel for the plaintiff in error is correct, the mere adjournment of a regular session of court over for a holiday would operate to discharge a person whose demand for trial was made at the previous term and who was not tried previous to adjournment. The right given by the statute to one who has made a demand for trial, to be tried at either the term at which the demand is placed on the minutes, or at the next succeeding term, is fully satisfied if the State offers to try the accused at any time up to the final adjournment of the next succeeding term after the demand is made.

Counsel for the plaintiff in error seeks to make the point that the judge of the superior court had no authority to order a revision of the jury list, as was done after the accused had made his demand for trial, and, in this connection, has requested this court to send for additional record to elucidate this contention. It is enough to say that there is no assignment of error in the bill of exceptions sufficient to bring under review the action of the judge in ordering the revision of the jury list. If there is any merit in counsel's contention, he must hereafter raise the point in some other way.

*Judgment affirmed.*