WEST *v.* COTTON BELT LEVEE DISTRICT No. 1.

Opinion delivered February 1, 1915.

1. LEVEE DISTRICTS—MEEETING OF LAND OWNERS—PLACE.—Under Kirby's Digest, § 4941, which provides that the board of directors of a levee district, where it. is proposed that work be done, shall call a meeting of the land owners of the district at some place convenient to some part of the work, a meeting called for a place inside the district, but convenient to a part of the work, is valid.

2. IMPROVEMENT DISTRICTS—CONSTRUCTION OF STATUTES.—In the construction of statutes governing improvement districts the grant of powers by the statute includes the incedental powers reasonably proper and necessary for carrying into execution the powers specifically granted.

3. STATUTES—CONSTRUCTION.—The purpose of the Legislature in framing a statute must be gathered from the statute as a whole, and if to effectuate the purpose intended a liberal interpretation must be reached, it is the duty of the courts to so construe the statute; and, if a literal interpretation would defeat the statute in whole or in part, such interpretation can not be given.

4. LEVEE DISTRICTS—CONTINUING POWER OF LEVEE BOARD.—Under the provisions of chapter 100 of Kirby's Digest, where a levee district is created thereunder, the authority given to construct the levees and to protect the district from overflow is a continuing authority.

5. LEVEE DISTRICTS—CONTINUING POWER OF BOARD.—The board of directors of a levee district, organized under the provisions of chapter 100 Kirby's Digest, has a continuing power to act after the completion of the improvement, and, at their discretion, to perform the work necessary to be done on the levee system for the purpose of protecting the property of their district from loss and destruction by overflow.

Appeal from Phillips Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

STATEMENT BY THE COURT.

M. E. West instituted this action in the chancery court against Cotton Belt Levee District No. 1 and the board of directors and treasurer of said district for the purpose of enjoining and restraining them from proceeding to enforce the collection of an assessment against a certain tract of land belonging to the plaintiff which, he alleged, was unlawfully assessed against his land. The plaintiff set up a state of facts substantially as follows:

The Cotton Belt Levee District No. 1 of Phillips County, Arkansas, was organized by the county court of Phillips County in year 1887, under the provisions of chapter 100 of Kirby's Digest and embraces 136,694 acres of land in that county. Since that time the organization of the district has been kept up and the board of directors has been engaged in building levees for the protection of lands within the district and has continuously elected the officers provided for in the statute. W. F. Craggs, H. D. Moore and Greenfield Quarles were the directors for the district at the time the proceedings now complained of were had. The plaintiff is the owner of certain lands within the district.

At a regular meeting of the board of directors held on July 1, 1914, a resolution was adopted providing that it was necessary that certain work be done to protect the lands of the district from overflow. The board found it necessary to enlarge the levee in certain places, to build a forty-foot banquette along the side of the levee and to provide additional right-of-way therefor. The resolution provided that the board of directors should cause an accurate survey of all the work they deemed necessary to be made and the engineer of the district was ordered to make the survey.

At a subsequent meeting the board of directors received the written report of its engineer showing the amount, character and kind of work to be done and the exact location thereof, together with an accurate survey

of all the work deemed necessary by the board to protect the district from overflow.

In accordance with the terms of the statute, the board of directors gave notice to the land owners of the district, that a meeting of the land owners would be held at the office of the Board of Trade, in the city of Helena, in Phillips County, on the 29th day of July, 1914, at 2:30 o'clock P. M., for the purpose of considering the improvements and the expediency of doing the work before referred to. At that meeting proof was made to the land owners present to show that the notice had been posted as required by the statute, and the reports and estimates of the engineer, with maps, surveys, plans, calculations and specifications, together with the assessment of the assessors, were laid before the land owners present. All of the land owners present, either in person or by proxy, voted that the work be done. It was estimated that the probable cost of the work would be $81,000, and the assessed value of the land in the district amounted to $1,125,169. It was provided that there should be assessed and levied a tax of 72 per cent upon the betterments estimated to accrue to the land, railroads, tramroads, rights-of-way and roadbeds in said district by reason of the work, and that the tax should be paid in twenty-four annual installments of 3 per cent each.

Pursuant to the vote of the land owners at the meeting aforesaid, the board of directors also passed a resolution providing that there should be levied on the value of the lands in said district for repairs and incidental and contingent expenses of the district an annual tax of five mills on the dollar of the value of such lands as assessed for State and county purposes.

The defendants interposed a general demurrer to the complaint. The chancellor sustained the demurrer and the plaintiff declined to plead further and has expressly elected to stand upon his complaint. Thereupon the chancellor dismissed his complaint for want of equity and a decree was entered to that effect. The plaintiff has appealed.

*Fink & Dinning,* for appellant.

1. The meeting of land owners and the proceedings of the board were had at a place outside the district, and hence void. Kirby's Dig., § 4941; 103 Ark. 127; 10 Cyc. 320.

2. The board had no authority to levy a tax in excess of five mills. Kirby's Dig., ch. 100, § 4938; *Ib.,* § 4961.

3. Levee districts have no powers beyond those *expressly* conferred. Nothing is taken by intendment. 103 Ark. 127.

*Moore, Vineyard & Satterfield,* for appellees.

1. The statute only requires that the meeting shall be held at "some place convenient to * * * the work." Kirby's Dig., § 4941. As to what powers are conferred on the board, see section 4953 of Kirby's Digest. A board of directors is invested with no powers except those expressly granted, or such as are *necessarily implied* in order to carry out the purposes and objects for which the district was formed. 106 Ark. 39-48. In the absence of fraud it will be presumed that all necessary formalities in the proceedings were complied with. 4 Ark. 258.

2. The board had authority to levy the tax. The levee has never been completed. Kirby's Dig., § § 4927-4938-4961; 53 Atl. 728; 32 S. E. 349; 49 Atl. 518; 14 N. E. 600; 54 Ark. 224.

HART, J., (after stating the facts). Section 4941 of Kirby's Digest provides that the board of directors shall call a meeting of the land owners of said district at some place convenient to some part of the work. The meeting of the land owners in this case was called and held in the Board of Trade building at Helena, in Phillips County, a place outside the boundaries of the district. It is contended by counsel for the plaintiff that this rendered the whole proceeding void.

(1) The plaintiff did not charge the board of directors with any design to perpetrate a fraud in selecting

the city of Helena as the meeting place of the land own-ers. The only contention of counsel in this respect is that the city of Helena is not within the boundaries of the levee district, and that the section of the statute above referred to contemplates that the meeting of the land owners shall be held within the boundaries of the district. The statute does not so provide. It provides that the meeting shall be held at some place convenient to some part of the work. It appears from the language of the complaint that the city of Helena was situated near some part of the work which was contemplated to be done. Doubtless the city of Helena was designated by the board of directors because that was the most convenient place for the land owners to assemble.

It is conceded by counsel for the plaintiff that under section 4961 of Kirby's Digest the board of directors had authority to levy and collect off the land reported as benefited by the assessors of the levee district, a tax not to exceed five mills on the dollar of the value of such lands as assessed for State and county purposes for the purpose of keeping the levees in the district in repair and to meet incidental and contingent expenses. But it is contended by them that the board of directors had no power to levy the 72 per cent tax for the purpose of enlarging the levee, and providing banquettes along the same.

As we have already seen, the levee district in question was organized pursuant to the provisions of chapter 100 of Kirby's Digest. The lands in the district were all situated in Phillips County. Section 4927 of the Digest provides that the county courts of the several counties in this State containing lands subject to overflow may divide the territory of their respective counties subject to overflow into one or more districts having reference to the locality of the land and the character of the river front, including in each of said districts as nearly as possible all lands subject to overflow from the same crevasses or direction and which can be protected by the same system of levees.

Section 4929 provides a method (by which the districts may be formed or altered.

Section 4938 pertains to the duties of the levee directors and reads as follows: "It shall be the duty of said board of directors to determine what work is necessary to be done, or levees to be constructed to protect their said district from overflow. They shall cause accurate surveys of all work deemed necessary by them, and accurate estimates and calculations, to be made by some suitable and competent engineer or other person, who shall make a written report thereof, showing the amount, character, and kind of work, the exact location thereof and the probable cost thereof, and return the same with all plans and specifications to the board of directors."

(2-3) It is a fundamental rule of construction that in statutes of this kind the grant of powers includes the incidental powers reasonably proper and necessary for carrying into execution the powers specifically granted. The purpose of the Legislature in framing the statute must be gathered from the statute as a whole, and if to effectuate the purpose intended a liberal interpretation must be reached, it is the duty of the courts to so construe it; if, on the other hand, a literal interpretation would defeat the statute in whole or in part, such interpretation can not be given.

(4) In the case of an improvement district organized to pave a street or to build a road when the improvement has been accomplished the power of the improvement commissioners is exhausted and the improvement constructed by them is turned over to the city or county authorities. There is in such case no provision in the statute for a continuation of the board of improvement commissioners and their authority ceases when the improvement is accomplished. Under the provision of the statute in question, however, we think the authority given to construct the levees to protect the district from overflow is to be regarded as a continuing power.

Section 4938 of the Digest provides that it shall be the duty of the board of directors to determine what work is

necessary to be done or levees to be constructed to protect the district from overflow. The act under which levee districts are organized provides for a continuation in office of the board of directors and other officers provided in the act. The purpose of the organization of the levee district in question was to protect lands in the district from overflows of the Mississippi River. The very nature of the ever shifting yet ever present danger of overflow from that river, against which the levee was intended as a guard, makes it imperative that the board should have the broadest latitude in dealing with the situation which confronted it. If the board did not have the power to perform the work in question, then the whole purpose intended to be effected by the statute would be defeated. The object of the statute was to protect the lands within the district from inundation and devastation by floods and overflows which annually occur in the Mississippi River. It is well known that the rivers of this State and those upon its borders are constantly shifting their channels and that their banks are constantly caving. For this reason, the construction of the levee is never completed and work is constantly necessary to be done on it for the purpose of accomplishing the results intended by the organization of the levee district. If the power were exhausted by a single exercise the very purpose of the statute would be defeated. The work in its nature is continuing, and in view of the broadness of the terms of the statute, we are of the opinion that the powers granted by the statute have not been exhausted because the levee board had already established a levee.

(5) We are of the opinion that the terms of the statute are broad enough to confer upon the board of directors the power at their discretion to perform the work necessary to be done on the levee system for the purpose of protecting the property of their district from loss and destruction by overflow.

There is no allegation in the complaint that the board proceeded arbitrarily or fraudulently.

It follows that the decree must be affirmed.

KIRBY, J., dissents.