## WRIGHT *v.* RAYMER.

### Opinion delivered June 30, 1924.

ANIMALS — STOCK-LAW DISTRICT — ANNEXATION OF CONTIGUOUS TERRITORY.—Crawford & Moses' Dig., § 330, authorizing annexation of contiguous territory to stock-law districts organized under the general law, did not authorize the annexation of contiguous territory to a district created by Sp. Acts 1921, p. 866.

Appeal from Van Buren Circuit Court; *J. M. Shinn,* Judge; reversed.

*J. F. Koone,* for appellant.

*Karl Greenhaw* and *Garner Fraser,* for appellee.

McCULLOCH, C. J. The General Assembly of the year 1921 enacted a special statute creating a stock-law district, composed of seven townships, in Van Buren County. Special Acts 1921, p. 866. At the next session of the Legislature a portion of a certain other township was added. The statute prohibits the running at large in the district of any "horses, mules, cattle, sheep, goats, hogs, asses, or any domestic animals," and declares a violation of the statute to be a misdemeanor punishable by fine of not less than one dollar and not over twenty-five dollars for each offense. The statute also provides that any person violating the statute shall be liable "to any person aggrieved for double amount of damages caused by the trespass of any such animals enumerated."

Appellees are residents and qualified electors of another township in Van Buren County (Sulphur Springs Township), which lies adjoining the township composing

the district created as aforesaid, and they are seeking to have said township annexed to the district pursuant to the general statute authorizing the creation of the stock-law district and annexation of territory thereto. This statute (Crawford & Moses' Digest, § 321) was enacted by the General Assembly of 1915, and was subsequently amended in particulars not important to the present discussion. It provides for the creation of such districts on petition of twenty-five per cent. of the qualified electors of three or more townships in a body in any county, for the purpose of restraining the running at large of "horses, mules, asses, cattle, goats, swine and sheep, or any two or more of the said animals, or the male species thereof." Section 10 of the act of 1915 (Crawford & Moses' Digest, § 330), under which the annexation in the present case is sought, reads as follows:

"Whenever three or more townships shall have been formed into a unit for the purpose of restraining any stock as herein enumerated, and shall have been perfected in the way and manner as herein provided, then any other township, or any group of townships, that would be a contiguous whole to the unit thus formed, may be attached to and become a part of said unit in the same way and manner as herein provided for in the first instance, by merely stating in the petition, in addition to the other requirements, that the petitioners wish their township or townships attached to said unit, naming the townships therein."

The sole question presented for decision in this case is whether or not there is authority under the general statute, *supra,* for the annexation of contiguous territory to the district created by the special statute hereinbefore cited. Our conclusion is that there is no such authority. An examination of the section of the general statute authorizing the annexation of territory shows clearly that it applies only to districts organized under that statute. It reads that any other contiguous township may be joined to a district composed of three or more townships "formed into a unit for the purpose of restraining any

stock as herein enumerated and shall have been perfected in the way and manner as herein provided.'' It is thus seen that the language only refers to such townships as have been organized under that statute, and contains no authority to add territory to a district formed under any other statute.

Another reason why the statute cannot be held applicable to the annexation of territory to the district created by special statute is that the two statutes are wholly different in substance. The general statute relates to the restraining of running at large of stock, not only of the same kind enumerated in the special statute, but also to any two or more of them, or only to the male species thereof, whereas the special statute prohibits the running at large of all of the animals enumerated and of both sexes of such animals. The special statute makes it a criminal offense to violate it and prescribes a penalty, and also provides for double damages, whereas the general statute provides no penalty and only provides for liability for single damages. It follows that there is no authority under the general statute to add territory to the special district operating under the law prescribing penalties and liabilities not embraced in the statute under which the annexation of the territory was authorized.

The circuit court erred in holding that there was statutory authority for the annexation of territory in this instance. So the judgment is reversed, and the cause remanded with directions to dismiss the petition of appellees.