MORAN *v.* UNION SAVINGS BANK & TRUST COMPANY.

4-4386

Opinion delivered October 19, 1936.

*Madison K. Moran,* for appellant.
*W. R. Roddy,* for appellee.

McHANEY, J. Appellee, a foreign corporation, not authorized to do business in this state, brought this action to foreclose a mortgage given to secure an indebtedness executed by I. F. Holly and wife to the American Investment Company. The mortgage was executed on October 18, 1922, and was filed for record in Lonoke county on November 29, 1922. The mortgage, among other provisions, contained this clause: "The foregoing conveyance is on condition: That, Whereas the said first parties are justly indebted to the said second party in the sum of one thousand and no/100 dollars for money borrowed, evidenced by one promissory note of even date herewith, with interest thereon from November 1, 1922, at the rate of six per cent. per annum, payable semi-annually, which interest is evidenced by twenty coupon interest notes thereto attached, but with interest after maturity at the rate of ten per cent. per annum until paid." The mortgage did not in express terms recite any due date of said note.

Prior to maturity, the American Investment Company, for value received, sold and assigned the note and mortgage above mentioned to the appellee, which assignment was recorded on February 12, 1923. At the time of the making of the loan by the American Investment Company and the assignment thereof to appellee, it was an Oklahoma corporation authorized to do business in

this state. The assignment, however, was executed in the state of Oklahoma and delivered to the assignee at its home office in the state of Vermont.

On February 25, 1930, A. H. Gardner and wife, claiming to be the owners of the land covered by the mortgage above mentioned, mortgaged this land to appellant to secure the payment of certain money due her, which was duly acknowledged and recorded on March 11, 1930. This suit was instituted on July 5, 1933, and appellant, among others, was made a defendant to the action because of her second mortgage. She filed an answer and cross-complaint in which she set up two defenses: (1) that appellee's mortgage was barred by the statute of limitations; and (2) that its complaint should be dismissed because it was a foreign corporation and had not complied with our laws. Later another defense was set up that appellee's mortgage, as recorded, shows it to have been acknowledged on October 14, 1922, whereas the date of its execution was October 18, 1922, and that, therefore, it was not entitled to record because of this alleged defective acknowledgment. All of these defendants were overruled by the trial court and a decree was entered foreclosing appellee's mortgage and declaring it to be a first lien on the property, prior and paramount to appellant's mortgage.

Appellant brings the same questions here for our consideration. It is insisted that the mortgage is barred by the statute of limitations because the due date of the note is not sufficiently described in the mortgage, and that the indebtedness as to third parties should be considered as due on demand, appellant claiming to be an innocent purchaser as to this mortgage. We think the mortgage sufficiently describes the due date of the note, assuming without deciding that such description is necessary. It recites the date of the note to be the same as that of. the mortgage and with interest on the note from November 1, 1922, at six per cent., payable semi-annually, and that the interest payments are evidenced by twenty coupon interest notes thereto attached. It seems to be a simple problem in mental arithmetic that if the interest is pay-

able semi-annually and evidenced by twenty coupon notes, that the principal note will become due ten years after its date, which would make the note become due November 1, 1932, and this suit was brought, as before stated, on July 5, 1933, well within the period of limitations after the due date of the note.

It is next contended that appellee cannot maintain this action because it is a foreign corporation not authorized to do business in this state. It does not appear from this record that appellee is doing business in this state. The fact that it bought a note and mortgage from the American Investment Company of Oklahoma, which mortgage covers property in Arkansas, is not sufficient to show that it is doing business in this state. Nor is the fact that it comes into the state to collect its debt sufficient to constitute the doing of business in this state. *Linton* v. *Erie-Ozark Mining Company,* 147 Ark. 331, 227 S. W. 411; *L. D. Powell Company* v. *Rountree,* 157 Ark. 121, 247 S. W. 389, 30 A. L. R. 414; *Sturdivant* v. *Ka-Dene Medicine Company,* 169 Ark. 535, 275 S. W. 921. The transaction between the American Investment Company and appellee, whereby the note and mortgage were assigned to the latter, was an interstate transaction and as the Supreme Court of the United States said in the case of *Faust* v. *Brewster,* 282 U. S. 493, 51 S. Ct. 295, 75 L. Ed. 478: "Accordingly, when a corporation goes into a state other than that of its origin to collect, according to the usual or prevailing methods, the amount which has become due in transactions in interstate commerce, the state cannot, consistently with the limitation arising from the commerce clause, obstruct the attainment of that purpose." Const. U. S., art. 1, § 8, cl. 3.

It is also insisted that because the record of the mortgage showed it to be acknowledged prior to its execution, it was not subject to record and, therefore, no notice to appellant. Assuming without deciding that such would be the effect, there is substantial proof in the record that the clerk incorrectly recorded the mortgage as being acknowledged on the 14th day of October, whereas in fact the correct date of the acknowledgment is the 24th day

of October. The officer who took the acknowledgment was evidently a poor penman and so wrote the date of the acknowledgment that it was difficult to determine. The testimony of an expert who used a magnifying glass, was to the effect that it was the 24th day of October instead of the 14th. From the testimony adduced the court found that the correct date of the acknowledgment of the mortgage was the 24th day of October, 1922, and not the 14th, and this finding does not appear to be against the preponderance of the evidence, and parol evidence is admissible to prove that a certificate of acknowledgment was executed on a date other than that appearing on the face of the instrument without contravening the rule that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a written instrument. *Merrill* v. *Sypert,* 65 Ark. 51, 44 S. W. 462.

Finally, some question is raised concerning the confirmation order of the court confirming the sale to appellee. Under the provisions of § 2 of act 21 of the Acts of 1933, page 47, as amended by the provisions of § 2 of act 49 of the Acts of 1935, page 116, foreclosure and confirmation decrees shall be rendered only during the first three days of the regular term of the court as fixed by law. Appellant admits in her brief that the court confirmed the sale on March 20, 1936, and that this was the third day of the term although the court had adjourned from a previous date to this date. In *Honea* v. *Federal Land Bank of St. Louis,* 187 Ark. 619, 61 S. W. (2d) 436, we held, to quote a syllabus: ''Where the regular term of court began on March 6, and on that day the court adjourned till May 5th following, on which day a mortgage foreclosure sale was confirmed, such confirmation was valid as made on the second day of the term, and therefore within the 'first three days' of the term as provided by Acts 1933, No. 21, § 2.''

Appellant's contention on this account cannot therefore be sustained as March 20, 1936, was the third day of the regular term that the Lonoke chancery court was in session.

No error appearing, the decree is accordingly affirmed.