## HOLT *v.* HOWARD.

4-7156                                    175 S. W. 2d 384

Opinion delivered November 15, 1943.

*F. O. Butt,* for appellant.

*A. J. Russell,* for appellee.

McFADDIN, J. This appeal requires the construction of § 339 of Pope's Digest, (which is § 1 of Act 193 of 1929) consisting of one sentence of 419 words.

There are several stock districts in Carroll county which, together, embrace a majority of the area of the county. Each of these districts was organized by the county court pursuant to Act 156 of 1915, with amendments. There is no stock district in Carroll county created by act of the legislature. In December, 1942, appellees, C. L. Howard and others, attempting to proceed under § 339 of Pope's Digest, filed in the Carroll county court a petition signed by a majority of the qualified electors in the territory affected, praying that certain described territory be added to an existing stock law district in that county. Appellants, John Holt and others, appeared as remonstrants. The county court granted the petition, and the remonstrants appealed to the circuit court, where the cause was heard on an agreed statement of facts, substantially as above detailed and as appear herein. The circuit court granted the petition; and from the order overruling the motion for new trial, remonstrants have brought this appeal.

It is conceded in the briefs that: (1) If § 339 of Pope's Digest is constitutional and, also (2) if it applies to Carroll county under the facts herein, then the judgment of the circuit court should be affirmed; otherwise, it should be reversed. It is well settled that this court will refrain from passing on the constitutionality of any statute unless such decision is necessary to a determination of the pending case. *Smith* v. *Garretson,* 176 Ark. 834, 4 S. W. 2d 520; and cases cited in West's Arkansas Digest, "Constitutional Law," § 46. So, we forego any consideration or discussion of the constitutionality of § 339 of Pope's Digest; and pass to the other question, *i.e.,* the applicability of § 339 of Pope's Digest to Carroll county under the facts in this case.

This § 339 of Pope's Digest (hereinafter referred to as the Act of 1929) was before this court in the case of *Wright* v. *Badders,* 181 Ark. 1124, 29 S. W. 2d 671; and headnote No. 2 of our official report of the case says:

"Acts 1929, No. 193, providing for annexation of territory to a stock law district, applies only to districts created by the legislature." But appellees here say that the opinion does not support the headnote, and that the opinion only decided that the act had no application to the facts in that case because, whatever the construction of the act, no stock law district in Cleburne county had been created by act of the legislature, and a majority of the area of Cleburne county was not embraced in stock law districts organized under any procedure. In lines 11 and 12 on page 1126 of the official report, in quoting from the Act of 1929, there is a typographical error. We are there shown as quoting the act: "or where *no* portion of *the* county has been created. . . ." The correct quotation from the act is: "or where *any* portion of *a* county has been created. . . ." The context of the opinion clearly shows the error to be typographical. Furthermore, the case mentioned Act 205 of 1927, and failed to state that the act was unconstitutional. Such was the holding of our court in *Johnson* v. *Simpson,* 185 Ark. 1074, 51 S. W. 2d 233. The conclusion reached in the case of *Wright* v. *Badders* is correct; but since the opinion used the expression "majority of the area of the county," it may possibly be susceptible of appellees' contention; so we consider the case at bar as though it were one of first impression.

Appellees, Howard *et al.* urge that the Act of 1929 (§ 339 of Pope's Digest) should be construed to mean that in all of the counties where either (1) a majority of the area of the county has been *organized* into a stock district (districts), or (2) where any portion of the county has been *created* into a stock district by an act of the legislature, then in either instance (1 or 2 above) the county court may annex any township or part thereto to such district by following the procedure of § 339. In other words, the appellees contend that words 7 to 23 in the act apply to one type of district, and words 24 to 118 of the act apply to another type of district; and that words 119 to 419 apply to and affect both types.

On the other hand, appellants contend that the act refers only to those stock districts organized by special

act of the legislature, and that words 39 to 45 ("by an act of the legislature heretofore") modify each and both of the previous clauses; and so appellants contend that since no stock law district in Carroll county was created by an act of the legislature, then this § 339 of Pope's Digest does not apply to Carroll county.

These respective contentions demonstrate that the act is ambiguous in meaning and application, and thus it becomes the duty of the court to construe the act to ascertain and declare the legislative intent, which is the true goal of every effort at construction, and is of supreme importance. (Crawford on Statutory Construction, § 158.) In seeking this legislative intent, the courts use all the rules of construction in every case (59 C. J. 944). We reach the conclusion that appellees' contention violates at least two of the canons of construction: one, extrinsic, and the other, intrinsic.

I. Contemporaneous Circumstances. "In seeking to ascertain the legislative intent where the language of the statute is ambiguous, the courts will take into consideration all the facts and circumstances existing at the time of, and leading up to, its enactment, such as the history of the times, the habits and activities of the people, the state of the existing law, and the evils to be remedied by the new act." (59 C. J. 1014.) And again: "While the intent of the legislature is to be found primarily in language of the statute, where such language is vague, ambiguous, or uncertain, the court may look, not only to language but to the subject-matter of the act, the object to be accomplished, or the purpose to be subserved; it may also look in this connection to the expediency of the act, or its occasion and necessity, the remedy provided, the condition of the country to be affected by the act, the consequences following upon its enactment, or various extrinsic matters which throw some light on the legislative intent." (59 C. J. 958.) See, also, *McDonald* v. *Wasson,* 188 Ark. 782, 67 S. W. 2d 722, and West's Arkansas Digest, "Statutes," §§ 214 and 215, and Crawford on Statutory Construction, § 210.

Looking at the conditions concerning stock law districts prior to Act 193 of 1929, it will be ascertained that we did not then (and do not now) have any statute for the organization of stock law districts throughout all of the seventy-five counties of the state. Act 57 of 1883 (now §§ 319 to 344, Pope's Digest) is a step in that direction; but that act, by § 1 thereof (§ 319, Pope's Digest), was limited to counties bordering on navigable streams, etc. Act 156 of 1915 provided that upon a petition of twenty-five per cent. of the qualified electors in the territory to be affected, the county court could call an election on the question of restraining animals from running at large. But § 11 of that act specifically exempted twenty-two counties, and thus made the act a local one. This 1915 act has undergone various amendments, and as now amended is found in Pope's Digest, §§ 335 to 345, inclusive, and § 347. We digress to call attention to the fact that under § 10 of that act as amended (§ 345, Pope's Digest), any township desiring to be added to the original stock law district may petition the county court for an election just as in the formation of the original district. All of the stock law districts in Carroll county were organized under this 1915 act, which provided its own method for the extension of the boundaries of any district organized thereunder.

The need for a general stock law for all parts of the state was not apparent until after 1926, because, prior to that time the legislature passed local or special acts. So, until 1926, stock law districts could be organized either by the order of the county court under the Act of 1883 or the Act of 1915 (and these were sometimes called county court districts), or by special act of the legislature (and these were referred to as districts created by the legislature). In *Wright* v. *Raymer,* 165 Ark. 146, 263 S. W. 385, it was held that the boundaries of a district created by the legislature could not be extended by following the procedure provided by the 1915 act (now § 345, Pope's Digest) for enlarging boundaries of districts organized by order of the county court. In other words, it was held that the boundaries of a district created by the legislature could not be changed by following the procedure pre-

scribed for county court districts. Parenthetically, we mention that in the opinion in *Wright* v. *Raymer* we spoke of the 1915 act as "a general statute"; but the distinction between a general statute and a local statute did not have the constitutional significance in 1924 that the words possess now since the people have adopted Constitutional Amendment No. 14 at the general election in 1926. In *Johnson* v. *Simpson*, 185 Ark. 1074, 51 S. W. 2d 233, we held that Act 156 of 1915 was a local act because it exempted certain counties from its provisions. With the prohibition against local acts made by Amendment No. 14 in 1926, and with the decision in *Wright* v. *Raymer, supra,* in 1924 forbidding the change of boundaries of a district created by the legislature, there was no way in 1928 to enlarge the boundaries of a district created by the legislature.

In order to deal with that situation, the legislature passed Act 193 of 1929, captioned in part: "An Act to place other territory under the provisions of existing stock law districts created by the legislature . . ." Ever since 1915, there had been provided a way to enlarge the territorial boundaries of districts organized by the county court; but there was no way to enlarge the boundaries of districts created by the legislature except through amendment of the creating act; and after 1926, the act, being local, could not be amended. To meet that situation, Act 193 of 1929 was enacted. This review of the conditions existing before Act 193 of 1929 was adopted suggests most clearly that the purpose of the legislature is as shown by the caption of the act, and that the act was to affect only those districts created by the legislature. The appellees' contention does not take into consideration these extrinsic matters which fully support the appellants' contention.

II. Effect Given Every Word. One of the intrinsic aids of construction is that the intention of the entire statute must be considered and effect must be given every word. As stated by Sutherland on Statutory Construction, 3rd Ed., § 4705: "It is an elementary rule of construction that effect must be given, if possible, to every

word, clause and sentence of a statute. A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error." See, also, Crawford on Statutory Construction, § 165, and West's Arkansas Digest, "Statutes," § 205.

"While the title of the act is not controlling, it may properly be looked to, in case of doubt, for the purpose of ascertaining the true legislative intent." *Western Union Telegraph Co.* v. *State,* 82 Ark. 302, 101 S. W. 745. The caption of the 1929 act as previously quoted was in part: "An act to place other territory under the provisions of existing stock law districts created by the legislature. . . ." Under appellees' construction, other districts would be affected in addition to those created by the legislature. In describing the petition to the county court, the 1929 act (§ 339, Pope's Digest), in words 229 to 248, inclusive, says that the territory "be made a part of the original stock law district *theretofore created by the legislature* for parts of said county." Now this italicized and quoted language could not refer to any district organized by the county court under the 1915 act; and all the districts of Carroll county were so organized. Again, in describing the order to be made by the county court on the petition, the 1929 act, in words 366 to 375, inclusive, says that the territory shall be made a part of the original district "as though described in said *original act of the legislature.*" These last quoted and italicized words would not only be entirely meaningless under the appellees' construction of the act, but would even be misleading. In short, if we follow appellees' construction, we must ignore the caption of the act and also render meaningless or misleading at least two different clauses in the act. Such a construction is to be avoided if possible.

The appellants contend that the act applies where (1) a majority of the area of a county has been created into a stock law district by the legislature, or (2) where a portion of a county has been created into a stock law

district by an act of the legislature. To be more specific, appellants say that words 39 to 44, "by an act of the legislature," modify each and both of the preceding clauses and not merely the one clause immediately antecedent; and with the quoted clause modifying both of the preceding clauses, the remainder of the act is clear and no words are rendered meaningless or have to be discarded.

After a careful study, we have reached the conclusion that the appellants' construction is correct; and that § 339 of Pope's Digest applies only to stock law districts created by act of the legislature; and that the said section has no application to this case, since no district here concerned was created by act of the legislature.

It, therefore, follows that the judgment of the circuit court is hereby reversed, and the cause is remanded to the circuit court to enter an order reversing its former order and remanding the cause to the county court with instructions to that court to deny the petition; and that all costs of all courts be assessed against the petitioners in the county court.

HOLT, J., not participating.